FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUL -5 P 12: 08

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CONWAY CHRISTIAN

DIONNE CHRISTIAN

    Plaintiffs,

V.

AMERICAN COLLECTIONS ENTERPRISE, INC.

Defendant.

CIVIL ACTION NO

RWT 11 CV 1854

JUNE 29, 2011

<u>COMPLAINT</u>

1. Plaintiffs seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C. §1692k and 28 U.S.C. §1331 and 1367.

3. Plaintiffs are natural persons who resides in Oxon Hill, MD.

4. Defendant is a licensed collection agency and has a place of business as 205 South Whiting Street, Suite 500, Alexandria, VA 22304.

5. Plaintiffs are consumers within the FDCPA.

6. Defendant is a debt collector within the FDCPA.

7. Defendant is a collector within the MCDCA.

8. Defendant communicated with Plaintiffs or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiffs' disputed personal debt.

9. The Plaintiffs contacted the Defendant via telephone on or about June 27, 2011 in an attempt to dispute a debt alleged by Defendant to be owed by Plaintiffs.

10. The Defendant advised Plaintiffs, through a collection agent, who identified himself as Matt that they had no right to dispute the alleged debt owed. This statement is false misleading and deceptive in violation of §1692e and §1692g.

11. The Defendant failed to advise the Plaintiffs of the required notice pursuant to §1692e (11).

12. The Defendant through their collection agent advised the Plaintiffs that they do not take oral disputes. This statement is false, deceptive and misleading and violates §1692e.

13. The Defendant stated to the Plaintiffs that they could not dispute the debt because they owed it, which statement is false, deceptive and misleading and in violation of §1692e.

14. The Defendant advised the Plaintiffs that he would report this debt to the Credit Bureaus, without noting their dispute, in violation of §1692e (8).

15. The Defendant advised the Plaintiffs that their dispute was "invalid."

16. The Defendant advised the Plaintiffs that their reason for the dispute did not qualify with federal laws (FDCPA) criteria of a valid dispute. This representation is false, deceptive and misleading, as the FDCPA has no criteria regarding disputed debts.

17. The Defendant use of the name "PAYACEI.com" has violated §1692e (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

18. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692 e, f and g.

19. Defendants initial collection letter includes a defective validation of debts clause notice pursuant to §1692g

20. Defendant initially communicated with plaintiffs by letter dated July 6, 2010, in connection with collection efforts with regard to plaintiffs' disputed personal debt. *See Exhibit No. "1."*

21. In the collection efforts, the Defendant violated the FDCPA, § 1692e by misrepresenting the plaintiffs' right to dispute a debt.

22. The Fair Debt Collection Practices Act §1692g (3) requires and refers to the (30) day period beginning, one day after the consumer debtors receipt of the

3

collection letter. *See* 1692g (3) "a statement that unless the consumer, within thirty days **after receipt of the notice**, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

23. Defendant in its collection letter dated (Exhibit "1") advised the Plaintiffs pursuant to §1692g (4) that ""*If you notify this office in writing **within 30 days from receiving this notice** this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.* "

24. Defendant shortened the validation period by one day and violated 1692g (4), which requires "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, **or any portion thereof**, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

25. Defendant failed to advise the Plaintiffs that they had a right to dispute "any portion" of the alleged debt pursuant to §1692g (4).

## SECOND COUNT

26. The allegations of the First Count are repeated and realleged as if fully set forth herein.

27. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiffs in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

28. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiffs respectfully requests this Court to:

1.  Award Plaintiffs statutory damages pursuant to the FDCPA on Count I.

2   Award Plaintiffs statutory damages pursuant to the MCDCA on Count II.

4. Award such other and further relief as this Court may see fit.

THE PLAINTIFFS

BY _B. T. Kennedy_

Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com